RIVERSIDE INVESTMENT COMPANY, A CORPORATION, *Appellant*, v. ELLIS GIBSON, *Appellee*.

Opinion Filed February 11, 1914.

1. A misrepresentation made by a vendor of real estate, as to a material fact, knowing at the time that it was untrue, upon which statement the purchaser relies, is actionable.

2. Where there is ample evidence of misrepresentation of existing material facts and resulting injury as sufficiently alleged, a decree of cancellation of a contract for the sale of lands will be affirmed.

Appealed from Circuit Court for Polk County; F. A. Whitney, Judge.

Deccree affirmed.

*Register & Donnell,* for Appellant.

*R. B. Huffaker,* for Appellee.

WHITFIELD, J.—This appeal is from a final decree cancelling a contract for the purchase of land on the ground of fraud and misrepresentation as to the character of the land.

· The bill of complaint brought by Gibson alleges, in effect, that the president of the investment company solicited complainant in Polk County, Fla., where he resided at the time, to purchase of the company through him as its agent, two certain lots, situated in Duval County, Florida, and pointed out to complainant the lots as shown on a map and plat, and represented to complainant that said lots were high and dry and were suitable for build-

ing sites; that complainant was wholly unacquainted with the location of said lots and with the character of the land and relying solely upon the representations of the agent and believing the same to be true, complainant then and there agreed to become a purchaser, and the defendant company, by its agent, agreed to enter into a contract with complainant to sell and convey to him said lots, and thereupon a contract of purchase for said lots of land was duly executed May 25th, 1909, by the terms of which contract of purchase complainant agreed to pay the said company for said two lots the sum of four hundred and seventy-five dollars, complainant "on said date paying Eight Dollars in cash and agreeing to pay the balance of the purchase price in monthly instalments of Eight Dollars each until the full amount should be paid, and the said defendant obligating itself in and by the terms of said contract, upon the payment by complainant of the full consideration as aforesaid, to convey to him said lots of land;" that the representations of said agent that said lots of land were high and dry and suitable for building sites were, and are, false and fraudulent; that said lots were not, and are not now, high and dry and suitable for building sites, but on the contrary said lots were at that time and still are located in a pond and through most of the year the front end of same are covered with water and are valueless to complainant; that said agent when he made said representations to complainant as aforesaid, "well knew that they were false and fraudulent, or with reckless disregard as to their truth or falsity, intending at the time that complainant should accept and believe his representations to be true;" and complainant "entered into said contract and agreed to become the purchaser of said lots because, not having the opportunity to make a personal inspection of said  *  *  *  lots, he believed to be

true, and relied upon the representations so made" by the said agent; that in January, 1913, for the first time after entering into said ontract, complainant visited and inspected said lots and then discovered that they were not high and dry and suitable for building lots, but on the contrary said lots are low and swampy and are for the most part covered with water and in a pond, and this was the condition of said lots on May 25, 1909; that complainant demanded that he be relieved from his obligation to purchase, and that the money paid be refunded to him, but this was refused. The prayer is for the cancellation and a refund of payments made. A demurrer to the bill of complaint on the grounds that no equity is stated, and that there is adequate remedy at law, was overruled.

Contracts procured by misrepresentation of material facts may be cancelled upon a clear showing of false representations relied on causing injury, where the complaining party is free from fault and the remedy at law is not manifestly full and complete.

In alleging false misrepresentations, ultimate material facts, not opinions or promises, directly affecting the transaction, should be clearly and distinctly stated showing the specific representations made and relied on, the falsity of the representations and the resulting injury to the complaining party.

A misrepresentation made by a vendor of real estate, as to a material fact, knowing at the time that it was untrue, upon which statement the purchaser relies, is actionable. Williams v. McFadden, 23 Fla. 143, 1 South. Rep. 618. See West Florida Land Co. v. Studebaker, 37 Fla. 28, 19 South. Rep. 176; Wheeler v. Baars, 33 Fla. 696, 15 South Rep. 584.

The allegations in this case are direct and positive of specific material facts constituting the transaction, stat-

ing the representations of facts that the lots were high and dry made and relied on, the falsity in fact of the representations and of the agent's knowledge thereof, the reliance thereon of the complainant who lived in a distant county without equal means of information, and the resulting injury. Nothing appears showing fault in the complaint, or that he relied on opinions and conclusions rather than representations of existing facts, and the remedy at law is not manifestly full and complete. There was no error in overruling the demurrer to the bill of complaint. As there is ample evidence of misrepresentations of *existing material facts* and of the other material allegations to sustain the finding of the Chancellor, and no errors of law or procedure appearing, the decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.