I. MENDELSOHN, TRADING AS EL OMAR HOMES, INC., *Appellant,* v. ISAAC B. DODSON AND MARIE G. DODSON, HIS WIFE, *Appellees.*

Division A.

Decision Filed February 13, 1928.

*Gilbert C. Robinson,* for Appellant;

*Shutts & Bowen* and *John S. Benz,* for Appellees.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for

the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby affirmed.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur.

Opinion Filed March 27, 1928.

*Gilbert C. Robinson,* Attorney for Appellant;

*Shutts & Bowen* and *John S. Benz,* Attorneys for Appellees.

ON PETITION FOR REHEARING.

PER CURIAM.—On petition for rehearing appellant insists that this Court has overlooked or failed to apply the principles enunciated in Riverside Investment Co. v. Gibson, 67 Fla., 130, 64 So. 439. On the contrary, the affirmance of the order sustaining the demurrer to appellant's bill is fully warranted by that case. In that case, the sale was made in Polk County of certain lots in Duval County. The agent exhibited a plat and represented the lots as high and dry and suitable for building purposes. The purchaser had no opportunity to examine the lots, and relied upon the representations made. As a matter of fact, the lots were low and swampy and for the most part covered by water. In this case, the purchaser inspected the property in person. If as contended an inspection could not have revealed the fact that the property was subject to overflow

during periods of heavy rainfall, the bill still fails to measure up to the principles laid down in the cited cases, which as expressed in the first head note is: "A misrepresentation made by a vendor of real estate as to a material fact, knowing at the time that it was untrue, upon which statement the purchaser relies, is actionable." The bill here does not allege that the agent making the representations or the defendants for whom he was acting, knew at the time that they were untrue. It is alleged that the complainant was a newcomer and not acquainted with conditions. But the bill also shows that the defendants were likewise non-residents and presumably they were as ignorant of local conditions as the complainant. Nor is there any allegation that the agent who made the representations was acquainted with such conditions, or knew such representations to be false.

So, under the case cited, the court below could not be held in error in sustaining the demurrer. It is not necessary to go further. Other cases bearing on this general subject will be found cited in Riverside Inv. Co. v. Gibson, *supra;* also see Glass *et al.* v. Craig, 83 Fla. 408; 91. So. 332; Hirschman v. Hodges, 59 Fla. 517, 51 So. 550; Stephens v. Orman, 10 Fla. 9; Stackpole v. Hancock, 40 Fla. 362, 24 So. 914; Huffstetler v. Our Home Life Ins. Co., 67 Fla. 324, 65 So. 1; 27 R. C. L. 356, *et seq.*

This is not a case for rescission of contract for misrepresentation, to which the equitable rule is applicable, but the object of the suit is to recover legal damages through the enforcement of an alleged equitable vendee's lien.

Rehearing denied.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.