S. T. Thacker, *Appellant*, v. Foster Newton, *Appellee*.

Division A.

Opinion filed April 2, 1929.

*Milton Pledger*, for Appellant;

*Pat Johnston*, for Appellee.

Ellis, J.—This is an appeal from an order overruling a demurrer to a bill which had for its object the rescission of an executed contract of sale of real estate to be accomplished by cancelling a deed of conveyance of one tract of land made by the purchaser to the vendor as part consideration of the price to be paid for the land bought; the cancellation of the mortgage executed by the purchaser and the return to him of a promissory note which he owned and which he indorsed to the vendor as part of the purchase price of the land. The purchaser to reconvey the lands purchased to the vendor.

Foster Newton purchased certain lands from S. T. Thacker and received a deed of conveyance therefor in consideration for which he conveyed to Thacker certain lands; indorsed to Thacker a note made by Deyo and Knight to

Partin and indorsed by the latter to Foster and executed a mortgage on the lands purchased to secure the balance of the purchase price.

It is alleged that Thacker represented that he was the owner of the land that he was selling to Newton; that it was free from all taxes and encumbrances. It is alleged that Thacker was not the owner of the lands and the title was not free from all incumbrances. It is alleged that Thacker's representations as to his ownership of the property and the condition of the title were false and made for the purpose of defrauding the complainant who was deceived to his injury.

It appears from exhibits attached to the bill that the property attempted to be conveyed by Thacker consisted in part of a public street and in part of the property of another person.

A demurrer to the bill was overruled and Thacker appealed. There was no error in the order.

The suit of the complainant rests upon the fraud which consisted in Thacker's representations of ownership and condition of title which he knew were untrue but which he made for the purpose of deceiving Newton, who was deceived thereby.

The bill is not so clear and forceful in its allegations as to the defendant's alleged fraud as it might possibly have been drawn, but we are unable to say that it is wholly without equity. The doctrine is very well settled in this State that a vendor's false representations with respect to the character of his title to the lands he wishes to sell, or the character of the land itself, whether it be high and dry land or wet and swampy, when such representations are made to deceive a purchaser who is actually deceived thereby equity will interfere to administer the necessary relief. See Stackpole v. Hancock, 40 Fla. 362, 24 So. R. 914; Hirsch-

man v. Hodges O'Hara & Russell Co., 59 Fla. 517; 51 So. R. 550; Riverside Investment Co. v. Gibson, 67 Fla. 130, 64 So. R. 439; Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. R. 769.

The demurrer in this case points out several deficiencies in the bill which would be fatal but for the allegations which, in effect, when coupled with the exhibits to the bill, charge that the defendant had no title to all the property attempted to be conveyed; that he knew he did not have the title to it when he represented to complainant that he owned it, and that complainant relied upon the representations to his injury.

The complainant is dangerously near the condition of "indolence and folly" in the transaction about which he complains, against which the law allows no relief. His credulity in this transaction is very near to a careless indifference to the ordinary and accessible means of information. See 2 Kent's Com. 484.

It does seem that he might have availed himself of the information afforded by the public records about which no reference is made in the bill, but he alleges that the representations as to ownership were made with a fraudulent intention to injure him; that he relied upon them and was deceived by them. If that state of facts was true the bill is good against the attack made by the demurrer.

The order overruling the demurrer is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.

STRUM, J.—I concur upon authority of the following: Morton v. Clark, 10 S. W. R. 796; Hunt v. Barker, 46 Atl. R. 46; 84 Am. St. R. 812; Curtley v. Security, etc., So-

ciety, 89 Pac. 180; Crane v. Ferrier, etc., 130 Pac. R. 429; Herman v. Hall, 41 S. W. R. 733; Parker v. Randolph, 4 Howard (Miss.) 435; 35 Am. Dec. 403; Black on Rescission and Cancellation (2nd Ed.), Sec. 420.