SUN CITY HOLDING COMPANY, *Appellant*, v. ELIZABETH
B. SCHOENFELD, *Appellee*.

En Banc.

Opinion filed May 11, 1929.

*Mabry, Reaves & Carlton,* for Appellant;

*Anderson & Lewis,* for Appellee.

STRUM, J.—This is an appeal from an order overruling a demurrer to a bill of complaint seeking the rescission of several contracts for the purchase of lands, and the recovery of payments made on account of the purchase price thereof.

Complainant below, Elizabeth B. Schoenfeld, agreed to purchase from the defendant below, Sun City Holding Company, Lots 2 to 11, inclusive, Block 17, Section A, of Sun City, a sub-division then being developed by the defendant. The purchases seem to have been embraced in one transaction, though a separate contract was entered into for each lot. One of the contracts, dated May 21, 1925, is attached to and made a part of the bill. The said contracts are executory. Complainant agreed to pay a portion of the purchase price of said lots in cash, which cash payments, aggregating $4250.00, were made. The remainder of the purchase price was to be made in deferred payments at intervals of six months thereafter. It appears that a further payment of $500.00 was made on account of one of the lots on July 24, 1925. Whether any further payments have been made on account of the deferred payments does not appear by the bill.

Each of the contracts in question contains numerous reservations and convenants, amongst which are the following covenants appearing under the general caption, ''Terms and Conditions:''

THE SELLER agrees in its development of Sun City to (a) Accomplish installation on the street or

streets adjoining SAID LAND of electric lights and water facilities; (b) Accomplish paving of said street or streets adjoining SAID LAND and the laying of sidewalks on each side thereof; (c) Beautify said streets and parkways adjoining SAID LAND with trees and ornamental shrubbery in keeping with its development of Sun City.

The bill of complaint, which was filed November 18, 1926, alleges that "said lands were then (at the time of the execution of the contract) and are now unimproved, and said improvements were then and are now a necessity to make said lands salable and proper for occupation, and said defendant, after demand and the lapse of a reasonable time, failed to make said improvements or any of them, and have not made same to this date." Complainant further alleges that she purchased the lots for investment purposes, for the purpose of resale, and in reliance upon the covenants of the defendant hereinabove set out, and that she was induced thereby to enter into said contracts and make the payments aforesaid.

The defendant demurred to the bill, assigning numerous matters of law to be argued, the purport of which are that the allegations of the bill are not sufficient to constitute fraud as a basis for rescission or other relief in equity; that the allegations of the bill are inconsistent with the terms of the contract attached thereto; that it appears that the complainant was herself in default; and that it does not appear that a reasonable time has elapsed for the accomplishment of the several improvements hereinabove referred to. The demurrer was overruled, from which order this appeal was taken.

The bill of complaint is loosely drawn. In some respects it is vague almost to the point of insufficiency. It does not, however, altogether fail to state a case for equitable relief.

Defendant below is correct in its contention that the bill does not sufficiently allege grounds for rescission on account of fraud in the misrepresentation of existing material facts relied upon by the vendee to her injury, as in Riverside Inv. Co. v. Gibson, 67 Fla. 130, 64 So. R. 439; and Nixon v. Temple Terrace Estates, decided March 30, 1929. See also Holgate v. Jones, 113 So. R. 714; Mendelsohn v. Dodson, 116 So. R. 474; and International etc. v. McAdoo 87 Fla. 1, 99 So. R. 117. Many matters relied upon in the bill, such as the alleged representations concerning an early re-sale of the property, the probable profits to be made, advertising by moving pictures, and other methods of exploitation, are no more than mere speculative promises and matters of opinion, and do not constitute false representations of existing facts; nor does it sufficiently appear that such representations as to those future acts were made with present fraudulent intent, within the meaning of that rule. See Harrington v. Rutherford, 38 Fla. 321, 21 So. R. 283; Glass v. Craig, 83 Fla. 408, 91 So. R. 332.

The bill of complaint, however, in another respect, makes a *prima facie* case for equitable relief by rescission. As the matter appears by the allegations of the bill, the covenant of the complainant-vendee to pay the purchase price, and the covenant of the defendant-vendor, hereinabove quoted, to accomplish stated improvements, are dependent covenants to be performed concurrently, the vendor being entitled to a reasonable time under all the circumstances to accomplish said improvements, no specific date for the commencement or completion thereof being fixed by the contract.

In determining whether covenants are dependent or not, the intention of the parties is to be sought for and regarded in the light of all the circumstances evidenced by the contract. The Court will consider whether the acts contem-

plated by the covenants in question are merely subordinate and incidental or whether they go to the entire consideration of the contract; whether the matters relied upon by the complaining party amount to mere promises or expectations of future events, or whether they relate to material and dependent acts to be performed concurrently with the covenants of the other party; and all other facts and circumstances from which the intention of the parties, which is the ultimate controlling element, may be ascertained.

The complainant below did not agree to pay the sum above mentioned for the lots as they were when the contracts were made, but as they would be when the stipulated improvements had been accomplished. For those sums the complainant is entitled to receive, not unimproved land in the condition in which it was when the contracts were executed, but lots improved by the installation of streets and sidewalks on the adjoining streets, electric lights and water facilities, and with the parkways adjoining said lots beautified with trees and ornamental shrubbery in keeping with the development of Sun City. That complainant intended to buy, and that defendant agreed to sell her lots so improved is clear from the contents of the contract. The deferred payments were distributed over an extended period of time. No specific time is stipulated in the contract as to when the improvements should begin or within which they should be completed, the sole reference thereto being that the defendant agreed to accomplish the same "in its development of Sun City." This provision, however, does not mean that the improvements are to be accomplished at some indefinite future time, wholly at the pleasure of the defendant, but obligates the defendant to accomplish the same within a reasonable time, under all the circumstances. In the light of all the circumstances

and conditions, it seems reasonable, and the intention of the parties, according to the allegations of the bill, that the payment of the purchase price and the accomplishment of the improvements were concurrent acts, the improvements to be accomplished within a reasonable time. The defendant's covenant to make said improvements was not an independent covenant, nor one subordinate and incidental to the main purpose of the contract, but on the contrary the making of such improvements is an essential *part* of the consideration supporting the complainant's promise to pay the purchase price, and is an integral and major part of the whole consideration of the contract. Of course, one who is himself in inexcusable default in the performance of his covenants can not place the other party in default. But complainant's refusal to pay the deferred payments will not place her in default of her obligation which was dependent upon the covenant of the defendant to install such improvements, if a reasonable time under all circumstances had in fact elapsed for the accomplishment of such improvements before complainant declined to make further payment.

Where covenants are dependent, one party should not be compelled to pay out his money in strict performance of his own covenants, when the other party can not or will not perform on his part material acts which are to be concurrently done and which are not merely subordinate or incidental but go to the entire consideration which supports the promise of the other party to pay. Otherwise the purchaser, although compelled to pay the purchase price, would not receive what he stipulated to purchase.

Something is said in the briefs of defendant to the effect that complainant had become in default in her payments before the lapse of a reasonable time for the performance by the vendor of its covenant to install the

improvements. Those questions of fact, however, are not sufficiently presented by the pleadings to be determined on this appeal. The contracts were dated May 21, 1925. No further payments were due for six months thereafter. The bill was filed November 18, 1926. *Prima facie,* a reasonable time had elapsed. In DeBisschop v. Crump, 24 Fed. R. (2nd) 807, four months was held to be a reasonable time "within which to make and complete" improvements of a similar nature involved in a contract there in litigation which presented the identical questions here under consideration.

In a situation such as is here presented, the complainant has no plain, adequate and complete remedy at law. As was said by Judge Call in Fisher v. Tatum Holding Co., 14 Fed. R. (2nd) 656: "The improvements contracted to be made by the seller were a part of the consideration moving to the buyers for making the contract to purchase, and to say that the purchasers should first comply with their contract and make the deferred payments, and then sue the seller at law for damages is, it seems to me, unreasonable, and affords very inadequate relief to them." In DeBisschop v. Crump, *supra,* it was held, in the consideration of this point, "that the difference between the value of the lots in an unimproved sub-division, and the same lots after water and electric light service has been supplied to them and hard surfaced pavements have been installed in all the streets of the sub-division, is so speculative as not to be susceptible of reasonably definite ascertainment from proof." The same doctrine has heretofore been announced by this court in considering this same proposition in Southern Colonization Co. v. Derfler, 73 Fla. 924, 75 So. R. 790, L. R. A. 1917, F. 744.

Besides the cases already cited herein, all of which dealt with the identical question here under consideration, the

views hereinabove expressed are supported by Laser v. Fowler, 170 S. W. R. 223; Miller v. Beck, 142 Pac. R. 603; Reitman v. Fiorillo, 72 Atl. R. 74; and the note to Robert v. James (83 N. J. Law 492), Ann. Cas. 1914 B. 859; Black on Recission and Cancellation, Sec. 212; also see 15 C. J. 1221, 6 R. C. L. 860. See also the many cases cited in Cecennial Digest, Vendor and Purchaser, Sections 58 and 110.

In the aspect last discussed, the bill of complaint does not wholly fail to state a case for equitable relief by recission. The demurrer was therefore properly overruled.

Affirmed.

TERRELL, C. J., AND WHITFIELD AND BROWN, J., concur.

ELLIS, J., concurs specially.

BUFORD, J., dissents.

ELLIS, J. (Concurring): The opinion which I prepared in this case treated the bill of complaint as one seeking a rescission of the contract of purchase upon the ground of a misrepresentation by the seller of a material fact concerning not the title but the desirability of the property for the purpose for which it was sold. The bill of complaint, although unskillfully prepared, definitely alleges that certain representations which the Company had made to the complainant to induce her to purchase the property which she bought were made to deceive and mislead her and did deceive and mislead and led her to execute the contracts and make the cash payments.

There is no allegation of the bill and no clause in the contract of sale which shows that there were any dependant covenants to be performed concurrently; nor is the

case presented upon such a theory. The same reasoning that exists in the majority opinion may be applied to any case where the seller of property agrees to erect certain buildings or make certain improvements where the covenant does not go to the whole consideration of the contract.

If the contract in this case may be considered as a covenant on the seller's part to make certain improvements, the covenants are independent covenants which do not go to the whole consideration of the contract and the breach of them by the seller does not warrant a rescission of the contract by the injured party. That the lots, which were the subject of the contract, were of some value is a proposition which cannot be disputed. The promise of the seller to beautify them and pave the streets and build apartment hotels, churches, lodges and schools were independent promises on the seller's part. There is not a word in the contract which suggests that the payment of the balance of the purchase price of the lots was to be dependent upon the building of the houses and paving of the streets, as the Company agreed to do; nor is there any suggestion either in the bill or the contract that those promises were to be concurrently redeemed.

The logic of the majority opinion is that the purchaser was not required to make a single payment after the initial cash payment until all the promises of the seller had been redeemed even to the beautification of the streets and parkways by the planting of "ornamental shrubbery."

To hold that the independent promises of the contracting parties were dependent covenants to be concurrently performed is to write a new agreement for the parties and to assert that the promise of the seller was the sole consideration for the purchaser's contract.

The opinion prepared by me rested upon the proposition that corporations, engaged in the "development" of sub-

divisions of towns or city blocks, which hold out to the public·plans in elaborate and meticulous detail showing as part of the so-called "development" parks, streets, sewers, water and electric facilities and buildings such as churches and schoolhouses as part of its scheme of development are representations of material facts as to the value and desirability of the property for the purpose for which it is sold, and if such representations are false and made to deceive persons whom the company seeks to interest and to whom it expects to sell they constitute a fraud which justifies a rescission of the contract on the part of the injured party.

Such is the doctrine of the cases cited in the opinion which I prepared, some of which were Riverside Investment Co. v. Gibson, 67 Fla. 130, 64 So. R. 439; Nixon v. Temple Terrace Estates, Inc., decided at the present term.

I do not consider the case of Southern Colonization Co. v. Derfler, 73 Fla. 924, 75 So. R. 790, L. R. A. 1917 F. 744 as analogous. In that case Derfler paid a part of the purchase money in cash upon the execution of the contract, the remainder of the purchase price was to have been paid in five yearly installments. The contract expressly stated that the consideration consisted in part of the vendor's written promise that it would construct and operate a line of railroad through the body of land of which the tract purchased was a part within ten miles of the vendee's tract before the due date of the second deferred payment. While the opinion in that case makes some reference to dependent covenants the decision rests upon a different principle, which is that when a failure to perform a contract is in respect to matters which would render the performance of the rest a thing different in substance from what was contracted for the party not in default may abandon the contract; that as the Company had failed to

construct and operate the railroad by the date agreed upon it was not capable of conveying to Derfler that which he had contracted to buy.

I am of the opinion that the bill is not wholly without equity on the principle that the representations by the Company were false representations of a material fact upon which the complainant acted to her injury.

So the order should be affirmed.

BUFORD, J. (Dissenting): I find no fault with the enunciation of the law as embraced in the majority opinion, but I am unable to so construe the contract involved in this case as to apply that law to this contract. It appears to me that the clause of the contract which is relied upon as a dependent covenant of the vendor is entirely too vague and uncertain to be so construed. The clause relied on is as follows:

The seller agrees in its development of Sun City to (a) Accomplish installation on the street or streets adjoining said land of electric lights and water facilities; (b) Accomplish paving of said street or streets adjoining said land and the laying of sidewalks on each side thereof; (c) Beautify said streets and parkways adjoining said land with trees and ornamental shrubbery in keeping with its development of Sun City.

The seller did not agree to install electric lights, water facilities, nor to pave the streets, or lay side-walks or beautify the streets and parkways, except in *keeping* with its development of Sun City. In other words, it did not agree to make any of these improvements until there was a demand for their use and the bill does not show or allege that there was any demand or necessity for the use of such utilities, nor that there was anyone within the area involved to be served by such utilities. In this contract the

seller merely agreed that in its development of Sun City it would accomplish installation on the street or streets adjacent to the land of electric lights and water facilities. Certainly the seller would not be required to accomplish this purpose until some buyer was ready to use such facilities. The seller also agreed to accomplish the paving of street or streets adjoining the land and laying sidewalks on each side thereof and to beautify the streets and parkways adjoining said land with ornamental shrubbery in *keeping* with its development of Sun City. There is no showing that there has been any development of Sun City.

I take it that we can not re-write the contract for the parties and that the above quoted clause in the contract before us was designedly so drawn as not to constitute a dependent covenant for the non-performance of which the buyer could enforce rescission.

I therefore think the demurrer should have been sustained.