FIRST NATIONAL BANK OF ST. PETERSBURG, FLORIDA, as Trustee for, and GEORGE BRUNK, FRED W. COOK, FRANK KOMMINSK, FRANKLIN ASSOCIATES, INC., SAM MICHAEL, SIMON FISHEL, GUS HOLSTINE and GEORGE B. GROFF, *Appellants*, v. ELISABETH M. FAUVRE, *Appellee*.

Division B.

Opinion filed March 31, 1930.

*Van Fleet, Collins & Miller*, for Appellants;

*Erle B. Askew* and *James Hubbard,* for Appellee.

BUFORD, J.—This was a case wherein the bill of complaint was filed to procure a decree canceling and rescinding a contract for the purchase and sale of real estate and to compel the vendor, party to the contract, to return to the vendee that part of the purchase price paid by the vendee. The case of complainant is based upon the allegation that fraud was perpetrated by the representation that a contract had been let for certain improvements to be accomplished in the entire subdivision, which comprised 80 acres, when in truth and in fact the contract for improvement only covered one-half of the 80 acres and did not cover that 40 acres in which the lots purchased were located. It is alleged that such representations were false and known to be false at the time.

The answer denied these allegations and the proof entirely sustains the answer showing that the contract had been let for the construction of the named improvements embracing the entire subdivision of 80 acres, but that work was suspended on the west forty acres, in which complainants' lots are situated, after execution of the contract here in question.

It was alleged in the bill of complaint that by reason of the failure of the defendant to make the improvements which they represented would be made and which constituted a part of the consideration for such executory contract of sale, within a reasonable time constitutes a breach of the contract and renders the lots involved in the contract totally worthless and that, therefore, the consideration for the contract on the part of the defendants has wholly failed.

It appearing that there was no fradulent representation made upon which rescission could be based, we next look to

see whether or not from the entire transaction we may discover that there was a dependent covenant binding the vendors to make certain improvements which would bring this case within the rule enunciated by this Court in the opinion by Mr. Justice Strum in the case of Sun City Holding Co. v. Schoenfeld, 97 Fla. 777, 122 So. R. 252.

The contract contained no such covenants but the complainant contended that certain newspaper advertisements constituted a part of the contract and that the dependent covenant was contained in these advertisements. The advertisements were read into the record and we have given the same careful consideration and have failed to find therein any promise or agreement upon the part of the vendor to accomplish any specific improvements in the subdivision. The only one of these advertisements in which improvements are mentioned is one appearing on January 9th, 1926, which, according to the averments of the bill of complaint, appears to have been one day after the signing of the "binder" contract by the complainant. That advertisement as it appears in the record is as follows:

"Much of Franklin Heights remarkable success is due of course to the high quality of the home properties. And the good name of the Franklin guarantees every improvement. Beautiful development just as every purchaser knows is part of the contract. That is the reason why the recent $500 price increase in certain sections has only proven Franklin Heights values and stimulated sales. Franklin Realty Company. And under that, Franklin Building, St. Petersburg, Florida. You will be proud to live in Franklin Heights."

Certainly, there is nothing in this language which binds the defendant to make any specific improvements in the

sub-division, and thus we are forced to the conclusion that there existed no dependent covenant the breach of which warrants a court of equity in decreeing rescission and cancellation of the contract. Whether or not the complainant had a full, complete and adequate remedy at law for a breach of the contract, if a breach occurred, is a question not presented by the pleadings for determination at this time. Upon authority of the opinion in the case of Sun City Holding Co. v. Schoenfeld, *supra,* and cases there cited, we must hold that the complainant has failed to prove a case for rescission and cancellation, either upon the ground of fraud and misrepresentation or upon the ground of a breach of a dependent covenant contained in the contract and, therefore, a court of chancery was without authority to enter a decree in favor of the complainant, from which decree the appeal herein was taken.

The decree should be reversed with directions that the bill be dismissed without prejudice. It is so ordered.

Reversed.

WHITFIELD, P. J. and STRUM, J. concur.

TERRELL, C. J. and ELLIS, J., concur in the opinion and judgment.

BROWN, J. concurs specially.

BROWN, J. (concurring)—It is not alleged that the representations were made with present fradulent intent; that is, that the vendor made them without any intention of performance, knowing that they were false at the time. But if this were a suit by the vendor to recover the balance due on the contract, or to foreclose the same, I am inclined to think the vendee could set up the failure to put in the

promised improvements, and the damage thereby occasioned him, as a defense by way of recoupment or counterclaim, *pro tanto* at least. See Smith v. Homeseekers Realty Co., 122 So. R. 708, 97 Fla. 236.

STRUM, J. concurs.