PALMER v. FOX.

1. CONTRACTS—CONSTRUCTION—INTENT—TECHNICAL WORDS.

Stipulations in a contract are to be construed as dependent or independent according to the intention of the parties and the good sense of the case and technical words should give way to such intention.

2. SAME—COVENANTS CONSTRUED AS DEPENDENT UNLESS CONTRARY INTENT APPEARS.

Covenants will be construed as dependent unless a contrary intention clearly appears.

3. SAME—CONCURRENT COVENANTS ARE DEPENDENT.

If acts or covenants of parties to a contract are concurrent and to be done or performed at the same time the covenants are dependent and neither party can maintain an action against the other without averring and proving performance on his part.

4. VENDOR AND PURCHASER — CONCURRENT COVENANTS — IMPROVE-MENTS—PAYMENTS.

Covenant on part of vendor as to making specified improvements in subdivision within five years *held*, concurrent with lot pur-chaser's covenant to make payment within that time, .where agreement provided that time was of the essence of the con-tract.

5. SAME—SURRENDER—INTENT—EVIDENCE.

· Land contract providing that after payment and upon its surren-der by purchaser, vendor would give vendee a warranty deed of the premises evidences intent that vendor's covenant in con-tract to make specified subdivision improvements was concur-rent with purchaser's covenant as to payment, since upon sur-render of the contract any of the purchaser's rights thereunder would likewise be surrendered, hence action of assumpsit by vendor's assignee to recover balance due without having per-formed covenant as to improvements may not be maintained.

6. SAME—PARTIAL PERFORMANCE—INTENT—EVIDENCE.

Vendor's partial performance of its covenant to make certain im-provements within time specified in land contract *held*, evi-dence of its knowledge of necessity of performing its covenants before accrual of right to full payment under such contract.

7. SAME—DEPENDENT COVENANTS—EVIDENCE.

Subdivider's covenant in land contract for sale of a lot that cer-tain improvements would be made in the subdivision and pur-chaser's agreement to pay *held*, dependent covenants where contract does not show covenants are independent and they are inferred to have been performable concurrently although testi-mony shows purchaser bought for investment purposes rather than to establish a home.

8. SAME—DEPENDENT COVENANTS—CONSIDERATION.

Lot purchaser's covenant to pay agreed price and surrender con-tract *held*, dependent upon vendor's covenant to install water mains, lateral sewers and cement sidewalks and to grade and surface the streets and deliver deed to the lot, since the per-formance of such covenant is an essential part of consideration supporting purchaser's covenant as to payment.

9. COVENANTS—DEPENDENT MUTUAL COVENANTS—CONSIDERATION.

Mutual covenants which go to the whole consideration on both sides are dependent.

10. Vendor and Purchaser—Breach of Dependent Covenant.
   Failure of vendor of subdivision lot to gravel or cinderize entire
   street in accordance with covenant in purchaser's contract *held*,
   a substantial and material breach of a dependant covenant
   precluding recovery of balance of purchase price by vendor's
   assignee.

11. Appeal and Error—Tender of Deed—Questions Reviewable.
   In action by vendor's assignee against purchaser for balance due
   under a land contract, whether tender of deed as made was
   sufficient or necessary is not decided where recovery is denied
   because of substantial breach of covenant to make improve-
   ments.

Appeal from Wayne; Skillman (W. McKay), J.,
presiding. Submitted October 8, 1935. (Docket No.
20, Calendar No. 38,460.) Decided January 6, 1936.

Assumpsit by Grace H. Palmer against Orrin P.
Fox for sums due on a land contract. Louis G.
Palmer, trustee for Grace H. Palmer and John
Palmer, substituted as party plaintiff. Judgment
for plaintiff. Defendant appeals. Reversed, with-
out a new trial.

*William E. Kirby* and *Charles E. Gallup,* for
plaintiff.

*Hatfield & Hall (James E. Littell* and *Wilbur D.
Bollinger,* of counsel), for defendant.

Toy, J. This is an action at law to recover the
balance of the purchase price due on a land contract,
made on September 28, 1925, between the Louis G.
Palmer & Company, a corporation, as vendor, and
the defendant, as vendee, for the sale of a certain
lot in Palmer Grove Park Subdivision Number Two,
in the city of Detroit. The contract provided for a
purchase price of $1,650, of which $247.50 was to

be paid at the execution thereof, and the balance to be paid in monthly installments of $16.50 each; the entire amount to be paid "on or before five years from the date hereof." The defendant made the initial payment and also made the monthly payments as called for in the contract up to and including that of February 11, 1931.

The vendor assigned its interest in the contract to Grace H. Palmer, on March 1, 1930, and she commenced this action on February 7, 1933, for the balance of the purchase price due in the amount of $709.02, plus interest. In July, 1933, a trusteeship was created making Louis G. Palmer trustee for Grace H. Palmer and another, and during the trial of this cause he was substituted as party plaintiff.

The defendant claimed that the vendor and its assignees failed to perform the covenants in the contract to make stated improvements in the subdivision, and especially, in failing to cinderize or gravel all the streets therein. Defendant further claimed that plaintiff could not recover because of the failure to tender a deed to the premises before commencement of this action.

The court below tried the case without a jury, and found for the plaintiff in the amount of $709.02 principal and $146.89 interest, or a total of $855.91, whereupon judgment was entered for that amount. Defendant appeals to this court.

The land contract contained a covenant as follows:

"The vendor agrees at its own expense to furnish cement sidewalks and to grade all streets; and either cinderize or gravel the streets, except Plymouth avenue; at its election, and to furnish water mains and lateral sewers in the streets or alleys of said subdivision. If the water and sewer are put in by the city, the assessment against the property shall be paid by the vendor."

The contract also provided that upon receiving payment of principal and interest in full and upon surrender of the contract, the vendor would execute and deliver to the vendee a warranty deed of the premises, subject to certain covenants and restrictions. The contract further provided, "that time is of the essence of this contract."

The lot contracted for fronts on a street in said subdivision known as Westwood avenue (formerly Martin avenue). The testimony showed that said street had been graded but never cinderized or graveled. The proof further showed that the other improvements called for in the contract had been made, although there is some dispute as to whether certain other streets in the subdivision had been fully cinderized or graveled. However, it is conceded by both parties that Westwood avenue in said subdivision was never cinderized or graveled as covenanted in the contract. Defendant contends that the failure to cinderize this street of the subdivision, on which the lot in question abuts, is a material breach of the covenant requiring this improvement, and that such covenant being a dependent one, plaintiff cannot recover in this action.

Plaintiff contends that the covenant by defendant to pay is independent of plaintiff's covenant to furnish improvements, and that whether the covenant to put in improvements "is dependent or independent, is immaterial in view of the fact that the plaintiff's failure to cinderize the street before the defendant's lot, under said covenant, is not a material breach."

Was the covenant of vendor to make improvements, in the instant case, a dependent covenant?

In *Folkerts* v. *Marysville Land Co.*, 236 Mich. 294, this court conceded that:

"It appears to be a more or less difficult task in some cases to say whether the covenants are independent or dependent."

In that case the court set forth the language contained in 6 R. C. L. p. 861, as being the general rule for determining this question, and we quote therefrom, in part, as follows:

"But the modern rule is that stipulations are to be construed to be dependent or independent according to the intention of the parties and the good sense of the case. Technical words should give way to such intention. Courts will not and ought not to construe covenants and agreements as independent, and still enforce performance by the other party, unless there is no other mode of construing the instrument, and unless it clearly appears to have been the deliberate intention of the parties at the time the instrument was executed. In brief, the courts will construe covenants to be dependent, unless a contrary intention clearly appears. A party should not be forced to pay out his money, unless he can get that for which he stipulated. * * * Where the acts or covenants of the parties are concurrent, and to be done or performed at the same time, the covenants are dependent, and neither party can maintain an action against the other, without averring and proving performance on his part."

Were the covenants here concurrent? We think so.

It must be remembered that plaintiff brings this action to recover the balance due under the land contract. In the contract the defendant agreed to make payment "on or before five years from the date hereof." Plaintiff agreed to make certain improvements, and although no time was stated as to when such improvements were to be made, we think that the intention of the parties, in relation thereto, clearly appears from the language of the contract,

as well as from extraneous facts contained in the record, that such improvements were to be made within the five-year period. Certainly they must be made within a reasonable time. *Brow* v. *Gibraltar Land Co.,* 249 Mich. 662.

The contract contains a provision that *after* payment and "upon the surrender of this contract," the vendor will execute and deliver to the vendee a warranty deed to the premises. Logically, it would follow, then, that if the vendee must surrender the contract, every covenant of the contract, or at least every material covenant, must necessarily be effected before such surrender. Especially does such inference apply, where the contract itself does not provide for the performing of any of the agreements after the surrender of the contract. When the contract is surrendered by the vendee, it follows that any rights he has thereunder are likewise surrendered. So, if the vendee must surrender the contract before he may receive a deed, it must have been intended that all other covenants in the contract must necessarily be performed prior to such surrender. Therefore, the covenant to improve the property must have been intended by the terms of the contract to have run concurrently with the covenant to pay the full purchase price within five years.

It further appears from the record that plaintiff put in all the improvements called for by the contract during the period of five years, excepting the cinderizing or graveling of streets, or at least of one street, as hereinbefore stated. This partial performance by the vendor indicates its knowledge of the necessity of performing its covenants.

In the case of *Folkerts* v. *Marysville Land Co., supra,* this court, after quoting the statement from Ruling Case Law, hereinbefore in part set forth, said:

"Looking at the contracts which plaintiffs made, with these tests in mind, we are persuaded that the covenants to make improvements are dependent. The reasons which have moved us to this position are, in part, as follows: (a) The contract does not, upon its face, show that the covenants are independent. (b) The time stipulated for the performance by each party is concurrent. * * * (c) These plaintiffs purchased these lots for a home."

In the instant case, we have a contract that does not, upon its face, show that the covenants are independent; we also have the inferred intention of the parties that the covenants were to be performed concurrently. But here we do not have a vendee who purchased the lot for a home. On the contrary, the defendant testified that he purchased the property for investment purposes.

While, under the reasoning of this court in the case of *Folkerts* v. *Marysville Land Co., supra,* the fact that the vendees had purchased the property for a home was a circumstance considered in determining the intention of the parties, it was not conclusive. Nor does it appear that such circumstance was in and of itself decisive. While it is true that the defendant in the instant case purchased the lot for investment purposes, yet can it be consistently urged that he therefore intended that he should get less than that for which he bargained?

We infer from the record that at the time of the execution of the land contract there were no improvements in the subdivision. It does not seem plausible that defendant would have purchased the lot if it was to remain in that same condition. He had a right to expect, and in all probability did expect, that by the time he had the lot paid for all of the improvements would be in, and that instead of owning a lot in a subdivision marked by surveyors'

stakes, he would have a lot on a street in a subdivision with water mains, lateral sewers, cement sidewalks and graded and surfaced streets, all materially present and not merely outlined on a plat or prospectus. The agreed consideration was to be paid, not for the lot as it was when the contract was made, but as it would be when the stipulated improvements were completed.

The making of the improvements was an essential part of the consideration supporting defendant's agreement to pay the purchase price. That the defendant intended to buy, and that the vendor agreed to sell a lot in a subdivision with improvements, is clear from the provisions of the contract. The defendant's covenant to pay the balance of the purchase price and to surrender the contract was dependent upon the vendor's covenant to make the specified improvements and to deliver a deed to the lot.

We think the following language of the supreme court of Florida, in *Sun City Holding Co.* v. *Schoenfeld,* 97 Fla. 777 (122 South. 252), is pertinent and adaptable to the instant case. There the court said:

"The deferred payments were distributed over an extended period of time. No specific time is stipulated in the contract as to when the improvements should begin or within which they should be completed, the sole reference thereto being that the defendant (vendor) agreed to accomplish the same 'in its development of Sun City.' This provision, however, does not mean that the improvements are to be accomplished at some indefinite future time, wholly at the pleasure of the defendant (vendor), but obligates the defendant (vendor) to accomplish the same within a reasonable time, under all the circumstances. In the light of all the circumstances and conditions, it seems reasonable, * * * that the pay-

ment of the purchase price and the accomplishment of the improvements were concurrent acts, the improvements to be accomplished within a reasonable time. The defendant's (vendor's) covenant to make said improvements was not an independent covenant, nor one subordinate and incidental to the main purpose of the contract, but on the contrary the making of such improvements is an essential *part* of the consideration supporting the complainant's (vendee's) promise to pay the purchase price, and is an integral and major part of the whole consideration of the contract. * * *

"Where covenants are dependent, one party should not be compelled to pay out his money in strict performance of his own covenants, when the other party cannot or will not perform on his part material acts which are to be concurrently done and which are not merely subordinate or incidental but go to the entire consideration which supports the promise of the other party to pay. Otherwise the purchaser, although compelled to pay the purchase price, would not receive what he stipulated to purchase."

In Elliott on Contracts, 1913–1923 Cumulative Supplement, p. 405, we find the following statement:

"Where mutual covenants go to the whole consideration on both sides, they are dependent."

We therefore conclude that the covenant to improve and the covenant to pay the purchase price were dependent covenants.

But, contends plaintiff, it is immaterial whether or not the covenant to make improvements is dependent or independent "in view of the fact that the plaintiff's failure to cinderize the street before the defendant's lot, under said covenant, is not a material breach." On this point, in the trial court, plaintiff introduced testimony to the effect that the cost

to cinderize the street in *front* of the lot in question would be only about $7. But the contract called for more than the cinderizing of the street in front of the lot purchased by defendant. It required the vendor to "either cinderize or gravel the *streets.*" Merely to have cinderized or not to have cinderized that portion of the street in front of defendant's lot is beside the point.

The necessity of surfacing the streets in the subdivision, in order to improve the premises, is apparent, and insofar as defendant's rights are concerned the surfacing of the entire street upon which his lot abutted was of paramount importance to him. The putting in of water mains, sidewalks and sewers, was of little avail, if the street remained unsurfaced so that he and others might not have a convenient way to and from his property. Merely to have surfaced the street in front of the one lot would be absurd. We think that the noncompliance by plaintiff in this respect amounts to a substantial and material breach of the covenant to improve.

The plaintiff and his assignors, therefore, being guilty of a substantial breach of a dependent covenant, cannot maintain this action.

It is not necessary to decide whether or not the tender of a deed to the property in question, made in the declaration of the plaintiff and again at the time of trial, is a sufficient tender, or whether any tender was necessary to be made before instituting this action, as decision has turned on the other questions presented.

The judgment is reversed, without new trial, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.