ROBERT P. SMITH, Jr., Judge,
dissenting.
Conceding that the representation, “The property is very dry . . . ”, is one of fact and is actionable if false, Riverside Inv. Co. v. Gibson, 67 Fla. 130, 64 So. 439 (1914), and see First National Bank of Stuart v. Jackson, 267 So.2d 697 (Fla. 4th DCA 1972), and conceding further that the added words, “. . . and you will not have much of a water problem,” did not as a matter of law so qualify the representation as to neutralize it, yet I think the case is controlled by Butts v. Dragstrem, 349 So.2d 1205 (Fla. 1st DCA 1977), cert. denied, 361 So.2d 831 (Fla.1978), and must be affirmed.
I adhere to my dissenting view in Butts, which was and is that one has no duty to look behind explicit misrepresentations of fact. Board of Public Instr. of Dade County v. Everett W. Martin & Son, Inc., 97 So.2d 21 (Fla.1957). But the court in Butts held as a matter of law that the purchaser’s “failure to discover the truth is attributable to his own negligence,” and that the seller who misrepresented the expenses of operating the business property was entitled to a directed verdict. I think Butts is indistinguishable from this case as alleged in appellant’s second amended complaint, which shows no fraud preventing investigation of the condition of the land, but shows rather that appellant purchased it hastily and without an investigation that Butts would regard as reasonable.
Unless we are prepared to overrule Butts, I think we must follow it. I therefore dissent, and would affirm the judgment of the trial court.