## FISHER et al. v. TATUM HOLDING CO.

(District Court, S. D. Florida. July 13, 1926.)

No. 421.

Cancellation of instruments ⬤⟑10—Purchaser of land under executory contract held entitled to maintain suit for rescission, on failure of seller to perform conditions of sale; remedy at law being inadequate.

Complainant purchased land from defendant under an executory contract requiring defendant to install water and light lines and construct sidewalks and paved streets, which were necessary to render the land salable or available for occupancy. After demand and lapse of a reasonable time, defendant failed to make any of said improvements. *Held*, that complainant's remedy at law was not adequate, and that he was entitled to maintain suit for rescission of the contract without completing the agreed payments.

In Equity. Suit by C. L. Fisher and H. S. Allen against the Tatum Holding Company. On motion to dismiss bill. Motion denied.

P. L. Gaskins, of Jacksonville, Fla., for complainants.

Shutts & Bowen, of Miami, Fla., for defendant.

CALL, District Judge. The bill of complaint alleges a contract of sale of certain lands in Dade county, for an agreed consideration, part in cash and the balance secured by three promissory notes. The contract provided that the seller should install water and light lines, sidewalks, and paved streets. The bill negatives the compliance by the seller with this covenant, although often requested, and after the lapse of a reasonable time to make such improvements. The bill shows, also, that the land contracted to be sold is wild, unimproved, and such improvements were necessary to make it salable and proper for occupation. The prayer is for rescission and to be placed in statu quo.

To this bill a motion to dismiss was filed by the defendant. The ground relied upon is that the bill is without equity, the complainants having a full and adequate remedy at law. If the facts pleaded in the bill show a case where full and adequate relief can be afforded on the law side of this court, the complainants cannot proceed in equity. In arriving at a conclusion on this question, it must be borne in mind that the contract sought to be rescinded here is executory.

Would the action at law for damages afford the full and adequate relief which equity affords? I think not. The improvements contracted to be made by the seller were a part of the consideration moving to the buyers for making the contract to purchase, and to say that the purchasers should first comply with their contract and make the deferred payments, and then sue the seller at law for damages, is, it seems to me, unreasonable, and affords very inadequate relief to them.

The motion to dismiss will therefore be denied. It will be so ordered.