### DE BISSCHOP v. CRUMP et al.

Circuit Court of Appeals, Fifth Circuit.
March 9, 1928.

No. 5235.

Vendor and purchaser ⬤➪110—Purchaser held entitled to rescission of sale of lots for breach of covenant to supply water, electricity, and paving.

Complainant purchased from defendant lots in a new subdivision being promoted by defendant; the deeds containing covenants that defendant should provide water mains and electric service to the lots and asphalt pavements on all streets, none of which he did. *Held*, that what complainant bought was the lots as so improved; that, as the difference in value between the property bought and that received was not capable of reasonably definite proof in an action at law, complainant was entitled to rescission of the contract in equity.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Suit in equity by Frank J. De Bisschop against J. E. Crump and others. Decree for defendants, and complainant appeals. Reversed.

G. E. Mabry, O. K. Reaves, D. E. Carlton, and E. C. Johnson, all of Tampa, Fla., for appellant.

Hart McKillop, of Winter Haven, Fla. (W. H. Hamilton, of Winter Haven, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellant, in December, 1926, filed a bill in equity praying the cancellation of the sales to him by the appellee J. E. Crump, evidenced by three separate deeds executed in November, 1925, of three lots in a subdivision of Winter Haven, Fla., which at the time of such sales was being promoted, improved and sold by Crump. The allegations of the bill showed the following: The agreed price for the three lots was $32,500, one-third of which was paid in cash, and for the balance appellant gave notes payable 6, 12, and 18 months after date and mortgages on the lots to secure those notes. Each of the deeds contained covenants or agreements by the grantor to install water mains and electric light service to the lot conveyed, and to install hard-surfaced asphalt penetration pavements on all streets. No part of those improvements has been installed. Four months was a reasonable time within which to make and complete those improvements. Because those improvements had not been installed, appellant refused to pay such of the notes as were past due when the bill was filed. Appellant was able and willing to pay those notes, and would have paid them if the improvements agreed to be installed had been installed. Appellant bought said lots as an investment. Without the pavement and the water and electric light service agreed to be installed, appellant would not have bought said lots. Said improvements would have greatly increased the actual and market value of said property, the extent of which increase is largely a matter of opinion, and is not susceptible of proof or of compensation in damages. A motion to dismiss the bill was filed —the grounds stated in that motion being that there is no equity in the bill; that complainant has a full, adequate, and complete remedy at law; that the bill shows on its face that complainant is in default; that the bill does not show that any notice has been given or demand made to or upon said Crump for the performance of the covenants alleged; that the bill shows on its face that the damage arising from the alleged breach of covenants is susceptible of ascertainment and proof; and that the covenants alleged to have been breached are not such covenants as would run to the whole consideration of the contract or deed, and are independent covenants. That motion was sustained.

Under the contracts evidenced by the instruments executed, appellant was entitled to get for the sums he agreed to pay improved lots in a subdivision all the streets of which have hard-surfaced asphalt penetration pavements. The agreed consideration was to be paid, not for the lots as they were when the contract was made, but as they would be when the stipulated improvements had been completed, and it appears from the averments of the bill that the stipulated improvements were to be completed before the deferred installments were to be payable. The making of the improvements was an essential part of the consideration supporting appellant's agreement to pay the purchase price. The purchaser's covenant to pay the deferred installments of the agreed price was dependent upon the seller's covenant to make the specified improvements, with the result that the purchaser was not chargeable with a default in failing to pay an installment or installments of the purchase price his obligation to pay which was dependent on the seller's performance of an obligation as to which the latter was and remained in default prior to and at the time when such installments were promised to be paid. Because of such default on the part of the seller, having the effect of keeping the purchaser from getting what was the subject of his purchase, the contract was subject to be avoided by the purchaser, and he was entitled to the equitable remedy of rescission or cancellation, unless his remedy at law was plain, adequate, and complete. Southern Colonization Co. v. Derfler, 73 Fla. 924, 75 So. 790, L. R. A. 1917F, 744; Folkerts v. Marysville Land Co., 236 Mich. 294, 210 N. W. 231; Tennant Land Co. v. Nordeman, 148 Ky. 361, 146 S. W. 756; Voorhees v. Baier, 194 Iowa, 1320, 191 N. W. 125. The just stated conclusion is not inconsistent with the decision in American Emigrant Co. v. County of Adams, 100 U. S. 61, 25 L. Ed. 563. Under the facts of that case as disclosed by the report of it, the covenants of the parties were not dependent. The engagements of the buyer with respect to drainage and settlement of the land were to be performed in the future, not prior to or concurrently with performance by the seller of its covenants contained in its

deeds evidencing executed sales. We are of opinion that appellant's remedy at law was not plain, adequate, and complete. It well may be concluded that the difference between the value of the lots in an unimproved subdivision, and the same lots after water and electric light service has been supplied to them and hard-surfaced pavements have been installed in all the streets of the subdivision, is so speculative as not to be susceptible of reasonably definite ascertainment from proof. Furthermore, the facts being as alleged, appellant was not bound to pay the reasonable value of unimproved lots, as his obligation to pay for the lots was dependent upon their being improved pursuant to appellee's executory contract evidenced by his deeds. Southern Colonization Co. v. Derfler, supra; Fisher v. Tatum Holding Co. (D. C.) 14 F. (2d) 656. The right of the appellant to maintain the suit was not dependent on his giving notice before the suit was brought of defaults of the appellee of which the latter was apprized by the terms of his contract, or upon appellant having demanded performance by the appellee of what the latter was obligated to perform without such demand. We conclude that the ruling presented for review was erroneous.

The decree is reversed, and the cause is remanded for further proceedings.

Reversed.