This bill seeks to rescind and cancel a contract under which the complainant purchased certain lots, and to recover the initial cash payment, or have the property sold to enforce a vendee's lien for that amount. There *Page 238 
was a separate contract in writing for each lot and written contracts did not obligate the vendor to make any improvements. The bill alleges that the complainant, in April, 1925, entered into the contract of purchase because the vendor represented or promised that it would pave the streets, and put in water and electric light connections, etc., but it does not appear that any particular time was specified when this would be done. That the vendor had utterly failed to make said improvements up to the time the bill was filed in 1927. That complainant bought the lots in the then wholly unimproved subdivision, relying upon this representation by vendor, and would not have purchased but for such representation. The court below sustained the demurrer and dismissed the bill, after failure to amend, "with prejudice".
It is not alleged that at the time these promises or representations were made the vendor had no intention of fulfilling them, and that they were falsely made with the intent to defraud and deceive the complainant. Roberts v. James, 83 N.J.L., 492, Ann. Cases 1914 B, 859, and note.
It also appears that the promises or representations were made orally at the time the complainant was induced to purchase the property, relying upon such promises, and were not contained in the contracts of sale as written and executed.
There does not appear to be any allegation whatever as to a misrepresentation of any existing fact, as in Nixon v. Temple Terrace Estates, 121 So. R., 475.
The bill involves two sets of contracts in different subdivisions, made at different times, and one of them made with a different purchaser and assigned to complainant. Hence the bill is probably multifarious. After one set of contracts had been executed a letter was written by the *Page 239 
vendor company to the purchaser several days later acknowledging receipt of the initial payment and promising to make the improvements. This letter amounted to a reiteration of the promises which had induced the making of the contracts, and could not be construed as creating a condition precedent.
The doctrine of dependent covenants does not apply. A covenant must be in writing. See 15 C. J. 1209-1212, and Sun City Holding Co. v. Schoenfeld, decided at the present term.
As the letter was written several days after the contract was made, it did not, under the allegations of the bill as drawn, create a dependent covenant (15 C. J. 1221), or a dependent stipulation, the performance of which was a condition precedent to performance by the other party. 13 C. J. 567 et seq.
It appears, therefore, to be a bill to rescind a purchase of real estate merely because the vendor had breached his oral agreement or representations as to making future improvements, which agreement was not contained in the written contract and is not alleged to have been fraudulently made without any intention to perform. Harrington v. Rutherford, 38 Fla., 321, 21 So. R., 283; Riverside Investment Co. v. Gibson, 67 Fla., 130, 64 So. R., 439; Glass v. Craig, 83 Fla., 408, 91 So. R., 332; 29 Am. Eng. Encyc. Law, 654-655.
The allegations of the bill do not bring this case within the operation of Sun City Holding Co. v. Schoenfeld,supra, or Southern Colonization Co. v. Derfler, 73 Fla., 924, 75 So. R. 790, which cases deal with dependent covenants.
The complainant may have other remedies for relief, but the allegations of the bill are not sufficient to entitle her to recession and cancellation and sale of the property *Page 240 
to enforce the recovery of the initial cash payment made, as prayed.
The motion for reconsideration of the motion for rehearing is denied, and the judgment affirming the action of the court below in sustaining the demurrer to the bill will be allowed to stand, but with this modification — that the order dismissing the bill be amended so as to order such dismissal without prejudice.
TERRELL, C. J., AND ELLIS, J., concur.
WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.