VICTOR ZAMBETTI, *Appellant*, vs. COMMODORES LAND COMPANY, a corporation, *Appellee.*

136 So. 644.

Division B.

Opinion filed July 28, 1931.

*Reynolds, Rogers & Towers,* for Appellant;
*E. J. L'Engle* and *J. W. Shands,* for Appellee.

TERRELL, J.—The record herein discloses that appellee made a contract with appellant in which appellee agreed to sell and appellant agreed to purchase Lot 4 of Commodores Point, Jacksonville, Florida, for a consideration of eight thousand, five hundred dollars payable as follows: fifteen hundred dollars cash on execution and delivery of contract, and the balance in three equal installments, payable one, two, and three years from date, with interest payable semi-annually at six per cent. if paid at maturity, but at eight per cent. if paid after maturity. The contract was dated March 1, 1927, and bound the vendor to perform the following covenants:

(a)   Within sixty (60) days after the date of this contract to let a contract for, or itself commence, the construction of and thereafter within a reasonable time cause to be completed or to complete the paving at its own expense with some appropriate material to a width of twenty-four (24) feet of the street, if any, shown upon said plat in front of said lot, if such street has not been then already paved.

(b)   Within said sixty (60) days after the date of this contract, to let a contract for, or itself begin, the construction at its own expense of a water main under the street, if any, shown upon said plat in front of said lot, according to the requirements of the public officials of the City of Jacksonville in charge of the water work's department of said city, and thereafter to prosecute such work to completion and cause said water main to be connected with the public water system of the City of Jacksonville, if such water main has not been already so constructed and connected.

This appeal is from a final decree dismissing a bill of complaint which prayed for the rescission of the foregoing contract and for an accounting and return by appellee as defendant below to appellant as complainant below of the

cash payment made on said contract, no other payments having been made.

The case turns on the question of whether the covenants, (a) and (b), as here quoted are dependent or independent. The appellant contends that they are dependent to be performed concurrently with the covenant to pay the purchase price. Not having been performed nor contract let for their performance as per nomination in the main contract, appellant, as complainant below, brought this suit to rescind, relying on Sun City Holding Co. vs. Schoenfield, 97 Fla. 777, 122 So. 252; Southern Colonization Co. vs. Derfler, 73 Fla. 924, 75 So. 790; De Bisschop vs. Crump, 24 Fed. (2nd.) 807 and other cases.

Generally, covenants to an agreement are said to be dependent when made by two parties to a deed or contract and are such that the thing covenanted to be done on the part of each enters into the whole consideration, for the covenant on the other part, or where the acts or covenants of the parties are concurrent, and are to be done or performed at the same time, and neither party can maintain an action against the other without averring and proving performance on his part. Covenants for conveyance and payment of the consideration for land as do covenants by a lessee to pay rent and by a lessor to make essential improvements or repairs without which the premises would be useless are typical examples of dependent covenants. Covenants are construed to be dependent or independent according to the intention and meaning of the parties as gleaned from all the circumstances of the case and any technical application of words should give way to such an intention. 7 R. C. L. 1089 and cases cited.

In Sun City Holding Co. vs. Schoenfield, 97 Fla. 777, 122 So. 252, this Court held that to determine whether covenants are dependent or not, the intention of the parties is to be sought for and regarded in the light of all the circumstances evidenced by the contract. The Court

will consider whether the acts contemplated by the covenants in question are merely subordinate and incidental, or whether they go to the entire consideration of the contract; whether the matters relied upon by the complainant party amount to mere promises or expectations of future events, or whether they relate to material and dependent acts to be performed concurrently with covenants of the other party; and all other facts and circumstances from which the intention of the parties, which is the ultimate controlling element, may be ascertained.

In the case at bar, the covenants on the part of vendor to pave and extend the water main and the vendee to pay the purchase price did not run concurrently. The covenant to pay the purchase price ran over a period of three years while the covenant to pave the street in front of and extend the water main to the lot involved in this litigation was to be contracted to be done within sixty days. The unpaved portion of the street in front of Lot 4 was between three and four hundred feet long and whether this portion was to be paved in full or only in front of Lot 4 (which we do not here decide) is immaterial to the disposition of this cause as from the showing in the record the cost of the paving in either event will be but a small part of the cost of the lot. The cost of executing the covenant to pave and extend the water main can be easily ascertained and while the execution of this covenant will add to the accessibility and desirability of Lot 4, it will not add materially to its intrinsic value nor will it affect a particle the value, accessibility, or desirability of the lots or community generally in the vicinity of Lot 4.

The record discloses that Lot 4 was purchased to build a warehouse upon, that there were other warehouses in the same vicinity and that it was in all respects suitable for that purpose. The covenants provoking this litigation were to be performed at different times and there is no indication whatever in the contract that the parties considered

them as dependent. By the very terms of the contract the complainant could have prosecuted an action for damages against defendant for its failure to comply with the contract and could have reduced the same to judgment long prior to the due date of his final payment. Where this can be done and his damages can be readily ascertained his remedy at law is adequate and he cannot seek the aid of a court of equity to rescind.

The rule seems to be well settled that when covenants on the part of different parties to a contract are to be performed at different times or when covenants to make improvements are independent of covenants to purchase, or when a covenant goes only to part of the consideration on both sides and a breach of such covenant may be compensated in damages and will not defeat the purpose of the contract, the covenant is independent and an action at law may be maintained for its breach by the party or parties interested. 27 R. C. L. 646; Crampton vs. McLaughlin Realty Co., 51 Wash. 525, 99 Pac. 586, 21 L. R. A. (N. S.) 823; American Emmigrant Co. vs. County of Adams, 100 U. S. 61, 25 L. Ed. 563.

For reasons announced in this opinion it is our conclusion that the covenants to pave and extend the water main were independent and in no wise dependent on the covenant to pay the purchase price, that a breach of the former is not a ground for rescission in equity but that a full adequate and complete remedy therefor lies in an action at law.

The distinction between this case and the cases relied on by appellant seem to us to be complete.

The judgment below is accordingly affirmed.

Affirmed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.