160 So. 233

## WESTERN UNION TELEGRAPH CO. v. TERSHESHEE.

### 6 Div. 702.

Supreme Court of Alabama.

Feb. 28, 1935.

Rehearing Denied April 4, 1935.

242

Cabaniss & Johnston, of Birmingham, for appellant.

Fred G. Koenig, of Birmingham, for appellee.

ANDERSON, Chief Justice.

This case was tried by the court without a jury, upon an agreed statement of facts.

While the authorities are not in entire harmony as to the nature of a partial breach of a contract that will justify a rescission, the true test seems to be that, where there is a breach of a dependent covenant, a condition precedent, which goes to the whole consideration of the contract, the injured party has a right to rescind and recover damages for a total breach. But a breach of an independent covenant which does not go to the whole consideration of a contract, but which is subordinate and incidental to the main purpose, does not constitute a breach of the entire contract or warrant its rescission by the injured party, and his remedy for a breach is compensation for damages. 13 C. J. p. 614, § 664.

Here the plaintiff instructed the defendant, and which was a part of the contract and made a condition precedent, that the money was to be paid over to the Morris Plan Bank upon the procurement of a receipt in the form suggested. Such a receipt was not procured, but the one obtained and presented to the plaintiff, by the defendant's agent, was signed by an agent for an entirely different bank. The procurement of the receipt from the Morris Bank was not only made a condition precedent to the payment of the money, but the facts show that the plaintiff paid extra charges for the transmission of the proposed receipt. We think that the plaintiff therefore had the right to rescind the contract and sue for a recovery of his money.

True, it appears that this money was subsequently credited to the Solomon claim on the books of the Morris Bank, but this does not render this any harder case on the defendant than another result would be on the plaintiff. If the money went to the wrong bank, the defendant could, no doubt, recover same, or, if it went to the Morris Bank, it was after the claim had been satisfied by Solomon and the car had been released, and the defendant would probably have recourse against said Morris Bank. On the other hand, even if the plaintiff could recover against one or the other banks, it is a well-recognized principle that, when one of two innocent persons must suffer, the burden should fall on the one who made the mistake or caused the condition. Here this defendant made the mistake.

The judgment of the court of common claims is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.