170 So. 214

CATANZANO et al. v. HYDINGER.

6 Div. 920.

Supreme Court of Alabama.

Oct. 15, 1936.

Leader, Hill, Tenenbaum & Seedman, of Birmingham, for appellee.

Erle Pettus and Erle Pettus, Jr., both of Birmingham, for appellants.

FOSTER, Justice.

This is a suit in equity; its nature and purpose and the equitable principles on which it is founded are treated on a former appeal from decree on demurrer. Catanzano et al. v. Hydinger, 228 Ala. 547, 154 So. 588.

After an answer was filed, the court heard the cause in which the witnesses were examined in open court, and made a final decree, in which appellants were given the privilege of performing that certain alleged covenant in the contract assumed by them of "grading and graveling the streets and making electric current and city water available in the streets and alleys adjacent to all lots in said sub-division, the work to commence within thirty days from the date of this decree, and be prosecuted with due diligence and dispatch, and to be completed within twelve months," and complainant in the meantime was relieved from the duty to make the installment payments not already paid. In lieu of an observance of this option, respondents were ordered to convey the property to complainant and to pay him $250 found to be that much paid by him more than the value of the lots without the improvements, and to be paid within thirty days.

It was then decreed that upon a failure to comply with either of those requirements, the cause "will be referred to the register of this court to determine the amount of the debt due the complainant by the respondents with interest thereon, and

when the report of the register has been made, this court will render a judgment against the respondents and in favor of the complainant, for the amount of the debt with interest thereon, and by decree provide for the enforcement of said judgment," with a reservation for further orders and decrees as may be necessary to enforce the decree.

It is noted that the decree does not provide for its execution as to making the improvements, nor as to conveying the property with a refund of $250. So that, as we construe the decree, it gives the respondents the right in thirty days either to begin the work of improving the streets, or to convey the property to complainant and pay him $250; but, in the event neither is done, no provision is made looking to a compliance with one or the other, nor which, but that then "this matter will be referred" (as we have quoted). It is not clear whether that means that such a reference is made to occur without further order, or that in that event it will be referred by an additional decree. Since the first two features are expressly alternative, and the third is dependent upon a failure of compliance with the first or second, it alone is the final mandate of the court if there is one in the decree. The parties seem to treat the order for a reference as such, so we will do so.

· The effect of the decree is to leave it to the discretion of respondents whether they will make certain improvements, thereby complying with the contract, as interpreted by the court, when complainant must pay as he agreed, or will specifically perform the contract without making such improvements, and in that event complainant is due certain concessions for such failure, or will submit to rescission and cancellation of the contract on account of·his breach of covenant, and refund the entire amount which complainant has paid. This is what we understand by "the debt due complainant by respondents," since there is no such debt except resulting from a rescission of the contract, which is one of the features of the bill.

Since therefore the ascertainment of that "debt" is the only feature of the decree which does not appear to be optional with defendants, it seems that it should be interpreted as a decree for rescission as incidental relief, unless respondents exercise the right to select one of two alternatives named leading to a specific performance. The decree is not therefore to be measured by the rules applicable to *specific performance,* but to *rescission* for the breach of a covenant.

As was said on former appeal, the court has the undoubted right to decree a specific performance to the extent of requiring a conveyance to complainant upon payment·of the purchase price, and if that should be abated by reason of a breach of the contract by respondents, the damage which resulted from such breach would be a proper matter in reduction of the contract price. Neal v. Williams, 168 Ala. 310, 53 So. 94.

And when a right to rescind a contract of purchase of land is shown to exist in the purchaser who has made improvements and paid the purchase price, or some of it, the land may be charged with a lien in equity for its enforcement, especially since equity enforces all liens. Section 8935, Code; Aday v. Echols, 18 Ala. 353, 52 Am.Dec. 225; McWilliams v. Jenkins, 72 Ala. 480; Donald v. Reynolds, 228 Ala. 513, 154 So. 530.

The prayer of the bill in this case is for rescission and the enforcement of a lien to secure a refund of the purchase money paid, or in the alternative a specific performance and a reduction of the amount unpaid on account of the breach, and for general relief.

If a decree of rescission is justified by the facts proven, it is not prejudicial to respondents, who alone appeal and assign errors, that it allowed them certain optional privileges which they could pursue if they desired, regardless of their terms.

The question before us is whether the facts show a right to rescission with a consequential lien. It is claimed on account of the breach of a covenant. Is it such a covenant as that its breach justifies a rescission? If so, do the facts show that it was so breached as to be sufficient to that end. It·is embraced in the last clause of the contract under a title of "Restrictions and Guarantees." The first seven of them, all numbered, are restrictions operative on the purchasers. The eighth contains all the features of the contract which are the basis of the right in question. It is: "The party of the first part (the seller) agrees to grade and gravel the streets, and make electric current and city water available in the streets or alleys adjacent to these lots." There is no provision which declares the result of a failure, nor is there

any feature which makes the covenant more specific as to detail nor the time of its performance.

If the covenant to pay is dependent upon the covenant to improve the streets made by the seller, a breach by the latter justifies steps looking to a rescission by the purchaser. 13 Corpus Juris, 614; Western Union Tel. Co. v. Tersheshee, 230 Ala. 239, 160 So. 233; Worthington v. Gwin, 119 Ala. 44, 24 So. 739, 43 L.R.A. 382; 9 R.C.L. 925; Birmingham News Co. v. Fitzgerald, 222 Ala. 386, 133 So. 31; McCoy v. Prince, 11 Ala.App. 388, 66 So. 950, certiorari denied 197 Ala. 665, 73 So. 386; 27 R.C.L. 646.

The test usually stated is that the covenants to be dependent must enter into the whole consideration, according to the intention and meaning of the parties. 13 Corpus Juris, 614; 7 R.C.L. 1089; Western Union Tel. Co. v. Tersheshee, supra; Lowery v. May, 213 Ala. 66, 104 So. 5; Walker v. Close, 98 Fla. 1103, 125 So. 521, 126 So. 289; Sun City Holding Co. v. Schoenfeld, 97 Fla. 777, 122 So. 252; De-Bisschop v. Crump (C.C.A.) 24 F.(2d) 807; Long v. Addix, 184 Ala. 236, 63 So. 982.

But when the respective covenants are to be performed by the different parties at different times and by installments, or are independent or go only to part of the consideration, and a breach of them may be compensated in damages, an action at law and not rescission is the appropriate remedy. Zambetti v. Commodores Land Co., 102 Fla. 586, 136 So. 644.

The facts stated and treated in Sun City Holding Co. v. Schoenfeld, supra, are strikingly like those here involved. It was held that the covenant of the buyer was dependent upon that of the seller.

As said in DeBisschop v. Crump, supra, the agreed consideration was not to be paid for the lots as they were when the contract was made, but as they would be when the stipulated improvements had been completed. Walker v. Close, supra. Such covenants are said generally to be held to be dependent when they run concurrently. Smith v. Home Seekers' Realty Co., 97 Fla. 236, 122 So. 708, 67 A.L.R. 809. If no time is stipulated in which the covenant to improve is to begin or be terminated, it must be done within a reasonable time, but should be done before final payment is made, unless a different intention appears. Walker v. Close, supra;

Sun City Holding Co. v. Schoenfeld, supra; 13 Corpus Juris, 571, 572, note 38.

We think that in this case the covenant to make full payment was dependent upon the covenant to improve, and if the seller refused or failed in a reasonable time to make the improvements, that suspended the duty to continue to pay. And if the seller did so fail or refuse after notice and demand to do so, the purchaser had a right on that account to rescind and cancel the contract. Bay Minette Land Co. v. Stapleton, 224 Ala. 175 (13), 139 So. 342; Ackley & Co. v. Hunter-Benn & Co.'s Co., 166 Ala. 295, 309, 51 So. 964; Elliott v. Howison, 146 Ala. 568, 570, 40 So. 1018.

The contract was made on January 9, 1928, when the first payment was made, and monthly payments made thereafter until March 21, 1931, making total payments of more than $4,000. Something like a year before he stopped paying he complained to the respondents, and demanded performance of the contract, who then wrote the attorneys for complainant that not later than August 1, 1930, the streets on the east and south of the property, naming the streets, would be graded and graveled at his own expense. The street on the north was a paved road extending east from the Montgomery highway near the crest of Shades Mountain. It had extending along it a water main and an Alabama power electric service line. There is no street to the west of the lots. But respondents did no grading, and instead of graveling on the east and south of the property as he promised in his letter, he put a lot of loose slag, with no binder, in the roadway about ten feet wide, in a street some forty to fifty feet wide. Photographs of those streets with the slag are in evidence. The evidence is also descriptive of them. We are clear that this is not a compliance with his contract.

Very little of the streets in the subdivision were graded and graveled, if there was any gravel at all as distinguished from chert or slag. The obligation is to grade and gravel the streets, not saying just what streets, and to make the light current and city water available in the streets or alleys adjacent to "these lots." The decree gives respondents the option to grade and gravel "the streets and make electric current and city water available in the streets and alleys adjacent to all lots in said subdivision." But that option is decreed as a matter of grace and not of right. So that the

construction of this option or whether it represents a correct interpretation of the covenant is not now involved.

But we agree with the trial court that after notice and demand respondents did not grade and gravel the streets adjacent to the lots involved in the sale within a reasonable time, nor at all, and for such default complainant had the right to rescind when he filed his bill, for that the grading and graveling were a material feature of the whole consideration of the contract, and for that final payment was inferentially dependent upon a compliance with the duty to do so, as we interpret its legal effect. Whether a further extension of the water mains and light service were refused under such circumstances as to be alone sufficient to justify a rescission is not necessary for us to declare. But such failure in connection with the failure to grade and gravel the adjacent streets manifested a purpose not to discharge the obligation of the covenant in such manner and form as virtually to repudiate it.

It is also insisted that the contract is one of lease and not of purchase, and that complainant cannot have the benefits awarded a purchaser. But he is entitled to a cancellation regardless of its nature, if the facts justify it. Moreover, such a contract is in equity treated more as a sale than as a lease, and it may be both on the named contingencies. The purchaser has a legal right to make the stipulated payments and obtain the benefits of ownership of the lots improved pursuant to the covenant. A breach of that covenant deprives him of his contract rights. A court of equity looks to the substance of the contract as expressed. Davis v. Robert, 89 Ala. 402, 8 So. 114, 18 Am.St.Rep. 126; Hawkins v. Coston, 214 Ala. 135, 107 So. 50; Zirkle v. Ball, 171 Ala. 568, 54 So. 1000; Jacobs v. Mudd, 216 Ala. 530, 113 So. 589.

For that neither of the options granted in the decree is compulsory or is in respect to a legal right due respondents and complainant is due to have a rescission with a consequent lien, we find nothing in the decree of which appellants have just right to complain. The period of thirty days allowed to exercise one of the options extends from the judgment of affirmance by this court.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.