**Maurice SCHERR et al., Appellants,**

v.

**Ralph C. POWELL, Appellee.**

**No. 25974.**

United States Court of Appeals Fifth Circuit.

Jan. 31, 1969.

Rehearing Denied March 13, 1969.

Robert Dyer, Egerton K. van den Berg, van den Berg, Gay, Burke & Dyer, Orlando, Fla., for appellants.

C. S. Carrere, Orlando, Fla., Thomas C. MacDonald, Jr., Tampa, Fla., for appellee; Shackleford, Farrior, Stallings & Evans, Tampa, Fla., Gurney, Gurney & Handley, Orlando, Fla., Kerr & Smith, Spartanburg, S. C., of counsel.

Before TUTTLE and AINSWORTH, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

This is an appeal from a judgment of the District Court granting plaintiff Powell's motion for summary judgment on the ground that the failure of defend-

ant Scherr to make certain payments required under a contract existing between the parties terminated the agreement in accordance with its terms.

The parties to this litigation executed a contract under the terms of which Powell, among other things, agreed to assign two existing patents, as well as a potential third, to Scherr. In return therefor, Scherr agreed to the payment of certain consideration failing payment of which Powell had the right, at his option, to terminate the agreement by written notice.

Scherr then conveyed the patents to the defendant, Florida Knitting Mills, Inc., the alleged alter ego of Scherr, and Florida in turn assigned the patents to Becopa Glove Mills, also the alleged alter ego of Scherr. In the interim, defendants, Scherr and Florida Knitting Mills, Inc. granted a license to Zwicker Knitting Mills, Inc. to use the existing patents and the process described in the proposed third patent. As a result of the failure of Scherr to pay the minimum royalty payment, Powell brought this suit seeking an injunction to prohibit further transfer of the patents by Scherr, Florida Knitting Mills, Inc., and Becopa Glove Mills, Inc. or receipt by them of moneys under the license agreement with Zwicker; an order declaring Powell to be owner of the patents; and for an accounting of moneys received by the defendants from Zwicker. As a defense, Scherr alleged that Powell had materially breached the contract by failing to assign the third patent and to prosecute certain foreign patent applications.

The District Court granted Powell's motion for summary judgment, holding that it was undisputed that Scherr had breached the agreement and that the alleged breach by Powell was not a defense but merely gave rise to a counterclaim.

At the outset, it should be noted that the substantive law to be applied in this case is that of the State of Florida.[1]

Under the terms of the existing contract performances by the parties were neither concurrent nor mutually conditional, except to the extent that the contract expressly provided that a default in the minimum royalty payment would terminate the agreement and revert title to the patents to Powell. Thus, since the agreement contained independent covenants, i. e., where one performance must occur before the other, the trial court was correct in granting Powell's motion for summary judgment.[2]

The judgment of the District Court is affirmed.

---

1. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Pan-American Life Ins. Co. v. Recio, 154 So.2d 197 (Fla.App.1963).

2. Nolan v. Lunsford, 142 Fla. 671, 196 So. 193, 128 A.L.R. 649 (1940) and Zambetti v. Commodores Land Co., 102 Fla. 586, 136 So. 644 (1931),