279 So.2d 335 (1973)
CITY OF MIAMI BEACH, a Municipal Corporation, Appellant,
v.
Irving M. ELLIS, Jr., Appellee.
No. 72-1225.
District Court of Appeal of Florida, Third District.
May 29, 1973.
Rehearing Denied June 27, 1973.
*336 Joseph A. Wanick, City Atty., for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The City of Miami Beach, the defendant below, appeals from an adverse judgment for $100,000, based on a jury verdict rendered in an action by a lessee of the city for breach of a covenant by the city by failing to keep in repair a certain portion of the leased premises.
On July 1, 1966, the city entered into a written lease with Irving M. Ellis, Jr., therein designated as the Concessionaire, for a period of ten years, at an annual rental of $7,200. Therein the lessee or "concessionaire" was granted "those certain rights and privileges herein referred to as the `Dockage Concession For Hire Charter Fishing Boats & Marina at the Chamber of Commerce Dock Area in the City of Miami Beach, Florida.'" The area or facilities covered thereby were set out by descriptions and diagrams accompanying *337 the lease. In general they consisted of an area fronting on Biscayne Bay, for operation thereon of a restaurant, marine supply and tackle shop and a dock extending into the bay for berthing of boats and from which to fuel boats. The lessee was authorized to construct a building thereon for such purposes, to become the property of the city at the end of the lease term. The maintenance assumed by the city was as follows: "The City will maintain in good repair the existing landscaped and paved areas and will maintain and keep repaired the seawall, the comfort facilities tne the existing docks, together with their appurtenances."
On January 17, 1967, the lessee assigned the lease to International Marine and Development Corporation, which constructed the above referred to building on the premises. Two years later, on January 2, 1969, with approval of the city, the lease was reassigned to the original lessee.
The dock, which was not too good at the outset of the lease, deteriorated and became unusable in the early part of 1971. For reasons having to do with plans for other development of the area later, the city chose not to repair or replace the dock. For that breach of covenant to repair, resulting in loss to the lessee of a portion of the leased facilities from which a substantial amount of the business conducted by the lessee on the premises was derived, this action was filed by the lessee for damages proximately caused thereby. In the litigation the fact of breach of the covenant to repair was obvious, and the controversy involved the question of the damages.
Where the repairs involved are inexpensive as compared with the rent, the measure of a lessee's damages for breach of covenant of the lessor to make the repairs may be the cost of making such repairs. Where the repairs are extensive and the cost is excessive in comparison with the rent, as was the situation here, the rule of difference in rental value could be applied, but in such case the lessee may recover as damages compensation for injuries to his property or his business, including loss of profits. The lessee is entitled to be compensated for financial injuries suffered as a direct and proximate result of a defect in the premises due to the breach by the lessor of a covenant to repair. In this instance, involving a water-front marina concession, in which the dock was shown to constitute a material income producing element of the business conducted on the leased premises, depreciation in earnings as a result of the loss of the dock facility may not, as contended by the appellant, be considered consequential or unanticipated damages resulting from the breach of the lessor's covenant to maintain the dock in repair. See 49 Am.Jur.2d, Landlord and Tenant § 844.
Neither party submitted evidence of damages on the basis of the difference in the value, for the balance of the term, of the leasehold with the dock in good repair and the value thereof for the balance of the term without the dock. The plaintiff presented evidence as to the importance of the dock as a feeder of revenue in the business, and evidence of the difference between the lessee's net annual income from the business when the dock was available, and its net income, or lack of it, after the dock became unusable. That evidence supplied by the plaintiff was uncontradicted and unrefuted. The court submitted the case to the jury on charges applicable to the damage proofs, and no significant objection was made by the defendant to the charges given.
The verdict and judgment were justified on the uncontradicted evidence of loss of net income experienced for two years without the dock, and based thereon as projected for the remaining years of the lease term.
The damages awarded were based on reduced net income or profit for the years the dock was unavailable. The figures presented by that evidence to represent *338 net income from the business for the years involved, necessarily were based in part on the expense of the $7,200 annual rental as well as other expenses of the lessee's business there. This is so because the lessee continuing in possession following the breach of covenant to repair a portion of the permises was not relieved of his obligation to continue to pay the rent as stipulated in the lease.
In Masser v. London Operating Co., 106 Fla. 474, 145 So. 79, 83, the Supreme Court said: "Where a landlord is under an agreement to repair, and fails to do so, and the premises in consequence thereof become untenantable, the tenant may abandon the premises without liability for rent. The mere failure, however, of the landlord to make repairs, the need of which does not render the premises untenantable, will not warrant an abandonment of the premises or relieve the tenant from liability for rent." [Italics supplied.]
It appearing that the lessee has withheld payment of installments of rent for a time subsequent to the failure of the city to repair the dock, therefore, because of the continuing obligation of the lessee to pay the rental while remaining in possession of the leased premises notwithstanding the failure of the city to repair the dock (for which the lessee was awarded damages), the judgment is hereby amended to permit the defendant city, upon paying the judgment, to deduct therefrom any installments of the rent then past due and unpaid.
The judgment, as so amended, is affirmed.

ON PETITION FOR REHEARING
By a petition for rehearing the appellee contends the provision of this court's opinion and judgment of May 29, 1973, for the past due and unpaid monthly installments of rent to be deducted from the amount of the judgment at the time of the payment thereof by the lessor city, is incorrect because the lessor did not file a counterclaim for the rent, and because even if the rent is payable there should be a reduction therein because of the effect of failure of the city to repair the dock.
The second of those reasons is without merit. The damages which the lessee sought and was awarded in the trial court were compensation to the lessee for the injury sustained and to be sustained during the balance of the term because of the failure of the city to repair the dock.
We find merit in the appellee's contention on the petition for rehearing regarding the failure of the defendant city to file a counterclaim for rent, to the extent of the monthly installments of rent which had become due and were unpaid at the time of the filing of the answer of the defendant city, which was December 2, 1971. The requirement for a compulsory counterclaim relates to a defendant's causes of action which exist, and not to causes of action which a defendant may acquire against a plaintiff at some future time.
It appears from the record that when the action was filed certain monthly installments of rent had not been paid. After the filing of the complaint and an amended complaint, and before answer by the lessor city, the plaintiff moved the court for an order to relieve it of its obligation to pay the installments of rent, because of the breach by the lessor of its covenant to repair the dock for which damages were sought in such action. The trial court denied that motion, thereby in effect recognizing and holding the obligation of the lessee to pay rent continued.
The answer of the lessor city contained an averment that the lessee was in breach of the lease by having failed to pay certain past installments of rent, for which, in the answer, the lessor contended the lessee should be held to be estopped to maintain the action. The lessor city did not counterclaim for the rent which was then due and unpaid.
*339 Accordingly, the provision of our opinion in this case that the judgment for damages should be amended "to permit the defendant city, upon paying the judgment, to deduct therefrom any installments of the rent then past due and unpaid," is hereby modified to apply to unpaid installments of rent which became due subsequent to the date of the filing of the defendant's answer.
With that modification our opinion and judgment filed May 29, 1973, is adhered to, and the petition for rehearing otherwise is denied.