341 So.2d 829 (1977)
Jack YANKS and Ruth Yanks, D/B/a Jry Properties III, Appellants,
v.
TRULY NOLEN, INC., Appellee.
No. 75-1949.
District Court of Appeal of Florida, Third District.
January 25, 1977.
Rehearing Denied February 16, 1977.
*830 Rothenberg, Kogan, Kornblum & Benjamin, North Miami Beach, for appellants.
Gus Efthimiou, Jr., Miami, for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
HENDRY, Chief Judge.
Appellants-lessors were the plaintiffs below and appellee-lessee was the defendant. This appeal is taken from a final judgment entered by the lower court which (1) rescinded a business lease entered into between appellants and appellee, (2) awarded appellee damages on its counterclaim against appellants for the breach of said lease and (3) awarded appellants damages on their claim against appellee for the reasonable rental value of appellants' premises during appellee's occupancy. The amounts awarded the respective parties for damages were of equal value and in effect, created a pecuniary "draw."
On May 29, 1974, the parties entered into a lease agreement which conditioned the payment of rent by appellee on the completion of certain structural changes in the building to be rented. In part, the lease provided that:
"The lessor shall complete the improvements on the demised premises including the said changes required hereunder on or before June 17, 1974. The terms of this Lease shall not commence nor shall the Tenant be liable for rent until the improvements have been completed and the certificates of occupancy delivered to Tenant by Landlord."
The due date passed without the agreed upon completion of improvements having been made or the certificate of occupancy furnished. Nevertheless and notwithstanding the incompletion, appellee went into partial occupancy of the warehouse portion of the property on July 3, 1974. Appellee, however, could not at this time occupy the office portion of the premises.
On October 3, 1974, the City of Miami notified appellants that there were building violations in the construction of said building by virtue of appellants' failure to construct a firewall separating the office area from the warehouse. Appellants, claiming that the necessity of a firewall was brought about only because of the particular use to which appellee utilized the premises (said use allegedly being unknown to appellants at the time of the execution of said lease) refused to construct the wall. Under protest and in mitigation of any damages arising from a loss of business, appellee paid for the construction of said firewall.
On December 2, 1974, appellants filed a two count complaint, seeking both the rent due under the lease and the reasonable rental value of the premises. In response to the complaint, appellee filed its answer and counterclaim for both rescission of the business lease and damages.
On June 30, 1975, approximately one year after it took possession of the warehouse, appellee vacated the premises. But for the first and last months rent paid at the time of execution of the lease, no rent had been paid by appellee to appellants. During appellee's occupancy, continual protests and demands were addressed to appellants concerning both the improvements to have been completed by virtue of the lease and the building of the firewall, necessitated by the building and fire safety code.
On September 30, 1975, after taking testimony and receiving other evidence, the chancellor entered his final judgment, rescinding and cancelling the lease and awarding appellee damages incurred by appellants' failure to complete the improvements. The court, however, in Solomonlike fashion, additionally awarded appellants *831 the reasonable rental value of the building  said amount, in the court's opinion, being of equal value to appellee's damages.
From the above final judgment, appellants take this appeal.
Appellants raise many points on appeal, however, their basic contentions appear to be twofold. Initially, appellants argue that the chancellor abused his discretion in cancelling and rescinding the lease because appellee failed to utilize this remedy in a timely manner and in fact, remained in possession for approximately one year after the alleged breach occurred.
Secondly, appellants contend that assuming arguendo that a breach in the lease attributable to appellants did in fact occur, by taking possession of the premises, appellee waived said breach. As such, appellants argue that any award of damages to appellee was error and that appellants were entitled to rent pursuant to the terms of the lease.
In reviewing the above contentions, we will initially address ourselves to appellants' second point.
Appellants' second contention is grounded upon much authority and can be classified as a general principle of law. That principle is, that upon possession by a lessee of premises to which a covenant to improve or repair has not been fulfilled on the part of a lessor, the defect is generally waived and rent under the lease is due. See 28 A.L.R.2d 446, Landlord's Covenant to Repair § 6 (1953). The courts of this state have been in agreement with the above general principle. See Masser v. London Operating Co., 106 Fla. 474, 145 So. 79 (Fla. 1932) and City of Miami Beach v. Ellis, 279 So.2d 335 (Fla.3d DCA 1973).
The case sub judice, however, has an additional factor involved which precludes the application of the above principle. This factor, heavily emphasized by appellee in its brief, can best be expressed by the following quotation:
"Of course, where the lease contains an express provision that the repairs are to be made by the lessor prior to the commencement of the term, and that no rent shall be charged until such repairs are made, the lessee is not liable for rent until the repairs are made, notwithstanding he enters into possession." 49 Am.Jur.2d Landlord and Tenant § 614 (1970).
The previously quoted portion of the business lease entered into by both parties is just such a provision. By its own terms, rent under the lease was not due until such time as appellants timely completed the agreed upon improvements and furnished appellee with a certificate of occupancy.
The agreed upon improvements, however, were not completed on time. In fact, it was appellee, forced by economic pressures, that finally completed said improvements. In addition, the final certificate of occupancy was not issued until March 10, 1975, after the lawsuit had commenced.
Clearly, by its own terms, the lease was not in effect and therefore, it was not error to deny appellants rent under the terms of the lease. Nor was it error to award damages to appellee resulting from appellants' breach of said lease. See City of Miami Beach v. Ellis, supra.
Despite the failure of the lease to govern the situation, appellee was not entitled to occupy the premises free of charge. In awarding appellants the reasonable rental value of the property for the period of time said property was occupied by appellee, we believe the court to have acted correctly. See Section 83.07, Florida Statutes (1973), Action for use and occupation.
This brings us to appellants' first point which we now consider. Appellants' basic contention here is that the equitable action of rescission must be utilized promptly and without delay. Because appellee had been in possession nearly one year before vacating the premises, appellants argue that (1) the lease was ratified by implication and (2) the remedy of rescission improper. Thus, appellants conclude, the chancellor abused his discretion in granting said remedy.
*832 We, however, believe that the chancellor did not abuse his discretion for the following reasons. Though we agree with the general rule that rescission must be sought promptly, our Supreme Court has held that a delay which is not inequitable will not cut off the right to rescind an agreement, especially a delay which gives an adverse party opportunity to perform his part of the bargain. Bernecker v. Bernecker, 60 So.2d 399 (Fla. 1952). This is especially true where the delay causes no prejudice or disadvantage. Southern Colonization Co. v. Derfler, 73 Fla. 924, 75 So. 790 (1917).
Here, the continual protests of appellee and its total refusal to pay rent throughout its period of occupancy amply affords us the evidence to hold that appellee did not impliedly ratify said lease. In addition, it appears that any delay in seeking the remedy was occasioned by appellee's attempts to get appellants to perform their part of the agreement. Bernecker, supra. We also note that while appellee remained in possession for one year, appellee's counterclaim for rescission was filed in response to appellants' complaint, said complaint being filed five months after appellee initially took possession.
We are therefore of the opinion that where, as here, you have dependent covenants in a lease  i.e., the payment of rent dependent upon the completion of improvements, and the lessor has breached his covenant, the remedy of rescission is a proper one. Zambetti v. Commodores Land Co., 102 Fla. 586, 136 So. 644 (Fla. 1931); Mease v. Warm Mineral Springs, Inc., 128 So.2d 174 (Fla.2d DCA 1961).
In order for the remedy of rescission to be granted, however, the parties must be able to be restored to their original positions. Ganaway v. Henderson, 103 So.2d 693 (Fla.1st DCA 1958). The chancellor was of the view that both the damages incurred by appellee and reasonable rental value due appellants were of an equal monetary value. In so ruling, the court more or less returned the parties to the required status quo. Ganaway, supra.
It is the facts of each individual case that must support the remedy of rescission, and after carefully reviewing the record, we believe there to be competent and substantial evidence to support the chancellor's ruling that rescission was the proper remedy. Sutton v. Cast-Crete Corporation of Florida, 197 So.2d 556 (Fla.2d DCA 1967.)
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, the judgment appealed is affirmed.
Affirmed.