WEBSTER, J.
Appellant seeks review of a final judgment entered following a non-jury trial. Because the judgment lacks critical findings of fact and conclusions of law necessary to permit our intelligent review, we reverse.
Appellant, as lessor, sought recovery of rent for an alleged breach of a commercial lease by appellee. Appellee, as lessee, denied liability, and counterclaimed for damages based upon appellant’s alleged failure to complete improvements to the premises to which appellee claimed appellant had agreed. The trial court denied relief to appellant, and awarded appellee $4,713 on its counterclaim.
The only finding made by the trial court was that appellant “did not comply with the lease specifications in a timely manner.” The particular “lease specifications” not complied with in a timely manner are not identified. More important to our review, however, is the trial court’s failure to make any findings of fact or conclusions of law regarding appellant’s argument that appellee had waived any complaint regard *674 ing failure to complete improvements by taking possession of the premises.
Appellant argued that, assuming it had failed to complete improvements to the premises, as a matter of law; its failure to' do so was waived by appellee when appel-lee took possession of the premises. This appears to be the law in Florida. See Yanks v. Truly Nolen, Inc., 341 So.2d 829, 881 (Fla. 3d DCA 1977) (referring to the “general principle of law ... that upon possession by a lessee of premises to which a covenant to improve or repair has not been fulfilled on the part of a lessor, the defect is generally waived and rent under the lease is due”) (citations omitted). The parties agree that this issue was presented to the trial court. Yet, the trial court’s decision appears inconsistent with the general principle of law expressed in Yanks. Nothing in the judgment explains this inconsistency; nor is there any indication that the trial court had even considered the issue. See Turner v. Lorber, 360 So.2d 101 (Fla. 3d DCA 1978) (reversing a damage award resulting from a non-jury trial because the judgment included no findings which would permit the appellate court to determine whether the trial court had considered the issue of comparative negligence). In the absence of findings of fact and conclusions of law establishing that the trial court did consider the issue, and why it apparently found inapplicable the general principle of law set forth in Yanks, we have no alternative but to reverse the decision, and to remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
KAHN and DAVIS, JJ., concur.