PETERSON, J.
Louis R. Seybold appeals a final judgment finding that he failed to state a cause of action in his complaint for breach of contract against Nicholson USA Properties, Ltd., (“Nicholson”). Alternatively, Seybold appeals the denial of his motion to amend his complaint to seék specific performance of Nicholson’s promise to install landscaping at a common entryway shared by the parties.
Seybold and Nicholson entered into a contract for the sale of real estate in an addendum to which Nicholson agreed to install improvements pursuant to a “Landscaping Plan” at an unspecified time after the closing of the sale of the described realty. After the closing, Nicholson failed to install the improvements and Seybold initiated an action for damages for the breach.
Nicholson initially defended by alleging that governmental approval was required because of the common entryway’s proximity to a state highway and that approval was denied rendering performance impos *353 sible. That defense and another were later abandoned. Nicholson alleged instead that the remedies contained in paragraph “S” of the contract precluded damages (paragraph “S” is set forth in the attached addendum.) Using that defense, Nicholson convinced the trial court that Seybold’s only remedies were prescribed by paragraph “S” and consisted of retention of its deposit made for the purchase of the realty or specific performance. The trial court entered a final judgment in favor of Nicholson and awarded attorney’s fees.
The trial court erred when it failed to distinguish the contract’s prescribed remedy for failure to close on the sale of the realty set forth in paragraph “S,” which is essentially the remedy for a breach of a dependent covenant, from the remedy for breach of the independent covenant to make improvements pursuant to the parties’ agreed-upon “Landscaping Plan.” A dependant covenant in a contract for the sale of realty is one that depends on the prior performance of some act or condition, or, as otherwise defined, is an agreement to do or to omit to do something with reference to the thing on which it depends and to which it relates. E.g., Nolan v. Lunsford, 142 Fla. 671, 196 So. 193 (1940). An agreement for the payment of a certain sum on delivery of a deed is a classic example of a dependent covenant in a contract for the sale and purchase of real property. In contrast, when an undertaking in the same contract is to be performed at a different time, the covenant is independent and an action at law may be maintained for its breach. As explained in Zambetti v. Commodores Land Co., 102 Fla. 586, 136 So. 644, 645 (1931):
The rule seems to be well settled that when covenants on the part of different parties to a contract are to be performed at different times or when covenants to make improvements are independent of covenants to purchase, or when a covenant goes only to part of the consideration on both sides and a breach of such covenant may be compensated in damages and will not defeat the purpose of the contract, the covenant is independent and an action at law may be maintained for its breach by the party or parties interested.
Stated simply, covenants to make improvements which are to be performed at a different time from covenants to purchase are independent of covenants to purchase. See, e.g., Nolan, 196 So. at 193 (holding in contract for sale of island land, vendor’s agreement to improve the island by constructing sea-wall, bridges, streets, sidewalks and the like was an “independent covenant” when the improvements were to be completed at a different time from the covenants to purchase); Zambetti, 136 So. at 644 (holding that vendor’s covenant to complete paving and extend water main within period of 60 days after date of contract and vendee’s covenant to pay purchase price over period of three years were independent because the respective covenants were performable at different times); Smith v. Home Seekers’ Realty Co., 97 Fla. 236, 122 So. 708 (1929) (holding that vendor’s letter, written several days after land contract, promising to make improvements, did not create dependent covenant or dependent stipulation, performance of which was a condition precedent to performance by purchaser).
Because the agreement contemplated installation of the “Landscaping Plan” after the closing of the sale of the realty, it constituted an independent covenant, and paragraph “S” of the contract is inapplicable to the breach of that covenant. It is apparent from the language of paragraph “S” that the remedies therein apply to the sale of the realty and it did not prescribe the damages available for breach of a post- *354 closing independent covenant. Additionally, the deposit was applied to the purchaser’s obligation at the closing of the realty as contemplated by the contract and would not be available for post-closing remedies.
The remedy available to Seybold for breach of the independent covenant included general damages available for breach of a contract, and Seybold acted within his rights to seek them.
The judgment and award of attorney’s fees is vacated and we remand to the trial court for further proceedings consistent with this opinion.
JUDGMENT AND AWARD OF ATTORNEY’S FEES VACATED; REMANDED.
SHARP, W., and PALMER, JJ., concur.
ADDENDUM
S. FAILURE OF PERFORMANCE: If Buyer fails to perform this Contract within the time specified, including payment of all deposit(s), the deposit(s) paid by Buyer and deposit(s) agreed to be paid, may be retained by or for the account of Seller as agreed upon liquidated damages, consideration for the execution of this Contract and in full settlement of any claims; whereupon, Buyer and Seller shall be relieved of all obligations under Contract; or Seller, at Seller’s option, may proceed in equity to enforce Seller’s rights under this Contract. If, for any reason other than failure of Seller to make Seller’s title marketable after diligent effort, Seller fails, neglects or refuses to perform this Contract, the Buyer may seek specific performance or elect to receive the return of Buyer’s deposit(s) without thereby waiving an action for damages resulting from Seller’s breach.